# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

RICHARD P. MICHAEL   *

    Plaintiff   *

    v   *      Civil Action No. DKC-10-412

FREDERICK COUNTY COMMISSIONERS, *et al.**

    Defendants   *
                           ***

## **MEMORANDUM OPINION**

Pending are Defendants' unopposed Motions for Summary Judgment. ECF No. 29 and 32. Plaintiff was provided with notice of the pending motions and of his right to oppose the motions, but has failed to file anything further. *See* ECF No. 30 and 33. For the reasons that follow, summary judgment shall be granted in favor of Defendants.

## **Background**

Plaintiff, pre-trial detainee[1] at Frederick County Adult Detention Center (FCADC) at all times relevant to the Complaint, alleged he was subjected to cruel and inhumane treatment. He states his rights were violated when: necessary medicines and medical treatments were withheld; he was charged for needed medical care; the heat in his cell was not turned on, forcing him to suffer physical pain due to extreme cold; he was served cold meals in an unsanitary environment; and his religious materials were confiscated. ECF No. 1 at p. 5.

Plaintiff indicated he was processed into the Detention Center in a normal manner and assigned to live in B-block where no heat was ever provided. He claims the failure to heat the housing unit subjected him to below-freezing temperatures. ECF No. 1 at p. 6. Plaintiff states he requested an extra blanket to help relieve the cold, but was only provided a thin wool blanket.

---

[1] Plaintiff was released to the Department of Parole and Probation on a parole retake warrant on April 8, 2010, after he was found not guilty on unspecified criminal charges. ECF No. 29 at Ex. 2, p. 1.

He further explains that he was not permitted to provide his own bedding and that FCADC does not provide inmates with coats, jackets or sweaters. He claims he was forced to wear clothing provided by the detention center which consisted of a thin cotton short-sleeve shirt and a pair of thin cotton pants. He states that Defendants were aware of these circumstances and failed to take action to correct them.

With respect to his medical care, Plaintiff alleges he suffers from lung cancer, COPD, hypertension, and Parkinson's disease. ECF No. 1 at p. 7. He states the medication and medical care provided at FCADC by Conmed is provided at an exorbitant cost to him. He claims he was denied daily medication for trivial reasons such as his shirt-tail was not properly tucked into his pants, his ID badge was not straight, or he had coffee in his cup instead of water. He states Carley Kunze was responsible for the denial of daily medication and that she singled him out for mistreatment. Plaintiff states when he was provided with sick call services he was charged four dollars for the medical visit and another four dollars for the prescribed dose of medicine. He claims the charges are excessive and violate his constitutional rights.

Plaintiff claims food is served from carts at FCADC and is never hot. ECF No. 1 at p. 8. He states "several laws require that food served in this type of setting must be maintained at a temperature of at least 150 degrees." *Id*. In addition, he claims the food remains uncovered and unprotected from dirt, germs, and bacteria. He states Defendants are aware of "these unsanitary conditions regarding food and food service." *Id*.

Plaintiff asserts a religious necklace was confiscated by Officer Marshall on October 21, 2009, even though religious medals are permitted at FCADC. ECF No. 1 at p. 8. He states the cross was not large or oversized and could not have been viewed as a security threat because it

2

was too small to be fashioned into a weapon. *Id*. Plaintiff states the item was taken from him as a form of harassment and violates his First Amendment rights.

**Standard of Review**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion. "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original).

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court must "view the evidence in the light most favorable to . . . the nonmovant, and draw all reasonable inferences in her favor without weighing the evidence or assessing the witnesses' credibility," *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 645 (4th Cir. 2002), but the court also must abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal

quotations omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

### Exhaustion of Administrative Remedies

The PLRA provides, in pertinent part:

> (a) Applicability of administrative remedies
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e.

Plaintiff's claims are subject to the strict requirements of the exhaustion provisions. Exhaustion is required even though the relief sought is not attainable through resort to the administrative remedy procedure. *See Booth v. Churner*, 532 U.S. 731, 741 (2001). A claim which has not been exhausted may not be considered by this Court. *See Jones v. Bock*, 549 U.S. 199, 220 (2007). Administrative remedies must, however, be available to the prisoner and this court is "obligated to ensure that any defects in administrative exhaustion were not procured from the action or inaction of prison officials." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir.2007). The Fourth Circuit has addressed the meaning of "available" remedies:

> [A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it. *See Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir.2007); *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir.2006). Conversely, a prisoner does not exhaust all available remedies simply by failing to follow the required steps so that remedies that once were available to him no longer are. *See Woodford v. Ngo*, 548 U.S. 81, 89 (2006). Rather, to be entitled to bring suit in federal court, a prisoner must have utilized all available remedies "in accordance with the applicable procedural rules," so that prison officials have been given an opportunity to address the claims administratively. *Id*. at 87. Having done that, a prisoner has exhausted his available remedies, even if prison employees do not respond. *See Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir.2006).

*Moore v. Bennette*, 517 F. 3d 717, 725 (4th Cir. 2008).

Thus, Plaintiff's claims must be dismissed, unless he can show that he has satisfied the administrative exhaustion requirement under the PLRA or that defendants have forfeited their right to raise non-exhaustion as a defense. *See Chase v. Peay*, 286 F.Supp.2d 523, 528 (D.Md.2003). The PLRA's exhaustion requirement is designed so that prisoners pursue administrative grievances until they receive a final denial of the claims, appealing through all available stages in the administrative process. *Chase*, 582 F.Supp.2d at 530; *Gibbs v. Bureau of Prisons*, 986 F. Supp. 941, 943-44 (D.Md.1997) (dismissing a federal prisoner's lawsuit for failure to exhaust, where plaintiff did not appeal his administrative claim through all four stages of the BOP's grievance process); *Booth v. Churner*, 532 U.S. 731, 735, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001) (affirming dismissal of prisoner's claim for failure to exhaust where he "never sought intermediate or full administrative review after prison authority denied relief"); *Thomas v. Woolum*, 337 F.3d 720, 726 (6th Cir.2003) (noting that a prisoner must appeal administrative rulings "to the highest possible administrative level"); *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir.2002) (prisoner must follow all administrative steps to meet the exhaustion requirement, but need not seek judicial review).

Defendants assert that Plaintiff never filed a complaint through the Detention Center's administrative remedy procedure regarding his claims concerning medical care and food service.[2] ECF No. 29 and 33. Plaintiff fails to refute the claim; thus, Defendants are entitled to dismissal as to the claims regarding medical care and food service.

---

[2] Plaintiff availed himself of the grievance procedure concerning other matters, including a complaint concerning his credo cross, a transportation issue, opening of legal mail, wearing of headgear due to cold temperatures, and access to cleaning supplies. ECF No. 29 at Ex. 1, p. 2.

## Conditions of Confinement Claims

Conditions which "deprive inmates of the minimal civilized measure of life's necessities" may amount to cruel and unusual punishment. *Rhodes v. Chapman*, 452 U. S. 337, 347 (1981). However, conditions which are merely restrictive or even harsh, "are part of the penalty that criminal offenders pay for their offenses against society." *Id*.

> In order to establish the imposition of cruel and unusual punishment, a prisoner must prove two elements - that 'the deprivation of [a] basic human need was *objectively* sufficiently serious,' and that '*subjectively* the officials acted with a sufficiently culpable state of mind.'

*Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) (emphasis in original; citation omitted).

"[T]o withstand summary judgment on an Eighth Amendment challenge to prison conditions a plaintiff must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions." *Strickler v. Waters*, 989 F.2d 1375, 1381 (4th Cir.), *cert. denied*, 114 S. Ct. 393 (1993).

Defendants state that the temperature at FCADC is monitored and records of air temperature readings are kept. The records for October 2009 indicate the temperature for the area where Plaintiff was confined was 62.1 and 63.4 degrees Fahrenheit, while temperatures in the same area for the period between November 2009 through April 2010 remained between 68 and 74 degrees Fahrenheit. ECF No. 29 at Ex. 2, pp. 2—3. With respect to the denial of Plaintiff's request to wear a hat, Defendants state that headwear is not permitted at FCADC because it is frequently used for gang identification. *Id*.

With respect to the food preparation, Defendants state that all food is cooked and served to a minimum acceptable temperature as set forth by the National Restaurant Association

Education Foundation. *Id.* at Ex. 3. Defendants further explain that food is served outside of the temperature danger zone for bacterial growth (41°F to 135°F) and to insure this occurs, the food is served within four hours of removal from the oven. *Id.* They add that the food carts where the trays are kept are enclosed, contrary to Plaintiff's assertion that the food is left open to dirt, germs and bacteria. *Id.*

Medical records kept during Plaintiff's confinement indicate no injury, physical or emotional, resulting from the alleged cold temperatures, nor is there any indication that Plaintiff became ill from the food served. Plaintiff has failed to refute the evidence presented by Defendants; therefore, they are entitled to summary judgment in their favor with respect to the conditions claims.

**First Amendment Claim**

"Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *O'lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987). With respect to the free exercise of religion, prison inmates retain a right to reasonable opportunities for free exercise of religious beliefs without concern for the possibility of punishment. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972). That retained right is not unfettered. Prison restrictions that impact on the free exercise of religion but are related to legitimate penological objectives do not run afoul of the Constitution. *See Turner v. Safely*, 482 U.S. 78, 89-91 (1987). The test to determine if the restrictions are justified requires examination of whether there is a rational relationship between the asserted governmental interest and the regulation in question. In addition, this court must examine: whether there are alternative means of exercising the right asserted; whether accommodation of

7

the right will impact on the orderly operations of the prison; and whether readily available alternatives to the regulation would be less restrictive.

Plaintiff's claim is that confiscation of a cross he wore as a necklace was a violation of his First Amendment rights. Defendants assert the necklace was confiscated because it posed a security risk. ECF No. 29 at Ex. 2, p. 3. They explain Captain Dave Ward made the decision based on the size and weight of the cross. Plaintiff was told he could have a smaller cross brought in to him and he authorized the release of the confiscated cross to a third party. The confiscation of the cross was rationally related to the governmental interest of maintaining a violence-free detention facility. Moreover, Plaintiff was offered an alternative means by which to express his religious preference which he declined. Based on the undisputed evidence, Defendants are entitled to summary judgment in their favor with respect to the confiscation of Plaintiff's cross.

Accordingly, by separate Order which follows, Defendants' motions shall be granted and judgment shall be entered in their favor.


Date:   December 3, 2010                          /s/
                                                          DEBORAH K. CHASANOW
                                                          United States District Judge